UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————————— :
RED HOUSE CAPITAL LLC,          :
                                :      Civil Action No.
              Plaintiff,        :      09-cv-5618 (NLH)(KMW)
                                :
        v.                      :
                                :
NIRVANA POOL & SPA LLC, ANTHONY :      **MEMORANDUM OPINION AND**
PRIZZI, and THOMAS CHERENACK,   :      **ORDER**
                                :
              Defendants.       :
———————————————————————— :

**HILLMAN, District Judge**

    THIS MATTER having been raised by the motion filed by
Plaintiff, Red House Capital, LLC, on or around June 17, 2010,
seeking default judgment against Defendants, Nirvana Pool & Spa
LLC ("Nirvana Pool"), Anthony Prizzi, and Thomas Cherenack; and

    The Court having granted Plaintiff's motion for default
judgment against Defendants in the Order dated March 4, 2011; and

    The Court, in that Order, instructing Plaintiff to submit
whatever documentation or evidence it may have to demonstrate the
amount of the award to which it is entitled; and

    Plaintiff having provided documentation to the Court,
including a certification of Oliver Rothauser, principal of
Plaintiff, Red House Capital, and copies of bank records
memorializing payments made between the parties, the parties'
promissory note and contractual agreements, and correspondence
from Plaintiff to Defendants; and

    The Court accepting Plaintiff's representations, which were

not opposed by Defendants with respect to this motion, and
finding that Plaintiff is entitled to receive $474,272.06.  This
sum was calculated by adding the following values: 1) the
outstanding principal at the time of entry of default ($277,480);
2) the total prejudgment default interest owed ($177,587.20); 3)
the total prejudgment contract interest owed ($9,204.86); 4)
attorney's fees ($10,000);[1] and

---

1.   To calculate the remaining principal due to Plaintiffs, the
following set of calculations was used.  From the initial monthly
balance of the loan, two percent (2%) interest is calculated
based on the stipulated monthly rate in the Master Security
Agreement. (See Master Security Agreement [Doc. No. 42-3], 5.)
This monthly amount of interest is then subtracted from the total
monthly payment to determine how much principal was paid off in
that particular month.  The resultant amount of principal paid
off each month is then subtracted from that period's starting
balance to arrive at the principal balance remaining at the
beginning of the subsequent period.  This set of calculations is
iterated over the course of the contract period to determine the
remaining principal balance due to Plaintiff.
     For example, in the period of November 2008 to December
2008, the starting balance of the loan was $250,000.  Two percent
(2%) of this starting balance, representing the accrued interest
for that period, is $5,000.  The actual monthly payment made by
Defendants for that period was $25,833.  Therefore, for this
period of time, after subtracting $5,000 in interest from
Defendants' total payment, Defendants paid $20,833 toward the
principal balance of the loan.  (That is $25,833 -$5,000 =
**$20,833**.)  This value, $20,833 - the total amount of principal
paid toward the balance of the loan, was then subtracted from the
$250,000 initial principal balance in order to derive the
**remaining principal balance** for the following period (December
2008 to January 2009), such that the remaining principal on the
loan at the beginning of the second period was $229,167.  (That
is $250,000 - $20,833 = **$229,167**.)
     To continue the example, two percent (2%) interest is
calculated from the remaining principal balance, $229,167, to
arrive at the value of **$4,583**.  Again, that $4,583 value
represents that proportion of Defendants' monthly payment which
constitutes interest.  Because the monthly payment for this time
period was $25,833, $4,583 is subtracted from the total monthly

payment to again arrive at the total amount paid toward the principal balance of the loan for that period, which was $21,250. (That is $25,833 - $4,583 = **$21,250**.)  This value, $21,250 - the total amount of principal paid toward the balance of the loan was then subtracted from the remaining balance for that period, $229,167, to arrive at the new remaining balance for the next period (January 2009 to February 2009), such that the remaining principal on the loan at the beginning of the next period was $207,917.  (That is $229,167 - $21,250 = **$207,917**.)

This same series of calculations, accounting for the varying value of the monthly payments as well as non-payments, in addition to the subsequent disbursements by Red House Capital and the change to the terms as per the May 2009 promissory note agreement, are factored into the Court's overall calculations.

According to these calculations, the principal amount remaining at the time of entry of default was **$277,480**.  The prejudgement interest at the contract default rate of twenty-four percent (24%) per annum is calculated starting with the period in which Defendant defaulted, May-June 2009.  Therefore, from May-June 2009 to May-June 2010, the default interest accrued totaled $66,595.20.  (That is $277,480 x .24 = **$66,595.20**.)  To this value of default interest is added the accrued interest for the subsequent year, May-June 2010 to May-June 2011.  The accrued interest for this time period is calculated in the same manner. (That is $277,480 x .24) = **$66,595.20**.)  Finally, the default interest from the period of May-June 2011 to January-February 2012 (the date of judgment) is calculated.  This value is derived by multiplying the principal amount remaining at the time of entry of default, $277,480, by the contract default rate, twenty four percent (24%), by the eight-month time period consisting of May-June 2011 to January-February 2012.  (That is $277,480 x .24 x (8/12) = **$44,396.80**) These three values are added to arrive at the total prejudgment default interest owed, **$177,587.20**.  (That is $66,595.20 + $66,595.20 + $44,396.80 = **$177,587.20**.)

Plaintiffs also ask for prejudgment interest at the contract rate of two percent (2%) per month from the pre-default period of October 31, 2008 to June 2009 (representing eight months) in the amount of $43,280.  Plaintiffs have obtained this amount by calculating two percent (2%) of the remaining principal balance at the beginning of the default period, $270,051 (a value inconsistent with the Court's calculation of $277,480, above), then multiplying by the eight-month time period from October, 2008 to June, 2009.  This calculation is: $270,501 x .02 x 8 = **$43,280.**

When a contract provides for a rate at which to calculate prejudgment interest, that rate is used.  <u>See, e.g.</u>, <u>Ramada Worldwide Inc. v. Shriji Krupa, LLC</u>, No. 07-2726, 2009 WL

1490577, *5 n.6 (D.N.J. May 27, 2009) ("The [prejudgment]
interest is calculated based on a contractual rate..."); Knauss
v. Dwek, No. 01-3662, 2006 WL 1098031, *5 (D.N.J.  Mar. 31, 2006)
(finding that language in the mortgage and promissory note
evidenced the parties' intent to apply the contracted for rate of
interest to any judgment).

However, when the matter of prejudgment interest is not
addressed in the contract, or the applicable rate does not appear
in the contract, "[t]he matter of prejudgment interest in
contract cases is left to the sound discretion of the trial
court." Unihealth v. U.S. Healthcare, Inc., 14 F. Supp. 2d 623,
642 (D.N.J. 1998) (citing AGS Computers, Inc. v. Bear, Stearns &
Co., 244 N.J. Super. 1, 4 (App. Div. 1990)).  "The primary
consideration in awarding prejudgment interest is that the
defendant has had the use, and the plaintiff has not of the
amount in question; and the interest factor simply covers the
value of the sum awarded for the prejudgment period during which
the defendant had the benefit of monies to which the plaintiff is
found to have been earlier entitled." Musto v. Vidas, 333 N.J.
Super. 52, 74 (App. Div. 2000).

The Promissory Note and the Master Security Agreement ("the
Loan Documents") provide for two interest rates.  In case of
default, a twenty-four percent (24%) per annum interest rate is
applied to the outstanding balance of the loan as of the default
date ("the default rate").  Otherwise, the contract provides for
a two percent (2%) monthly interest rate on the principal ("the
contract rate").

During the pre-default time period, Defendant made the full
monthly payment three times (December 2008, January 2009,
February 2009), overpaid once (April 2009), underpaid once (May
2009), and failed to pay once (March 2009).  Taking into account
the primary consideration of prejudgment interest - to compensate
the party who was entitled to, but did not receive the monies in
question during the relevant time period - Plaintiff should be
compensated through prejudgment interest during the pre-default
period for only those two months where Plaintiff did not receive
adequate payment: March 2009 and May 2009.  See Unihealth, 14 F.
Supp. 2d at 642.  As the Plaintiff received the money he was due
during the other pre-default pay periods, the justification for
awarding prejudgment interest for that time period is lacking
except for those two months.

This consideration substantially alters the calculations
regarding pre-default prejudgment interest.  The correct
calculation should be: the outstanding principal balance at the
time of non or under-payment, multiplied by the contract rate of
two percent (2%).  The principal balance during the non-payment
period (March 2009) was $186,243, while the principal balance

The Court further finding that Plaintiff is also entitled to an award of post-judgment interest.  The post-judgment interest award will be calculated as of the date of this final judgment.[2] "The rate of post-judgment interest is a matter of federal law and will be calculated in accordance with 28 U.S.C. § 1961." Jeereddi A. Prasad, M.D., Inc., Retirement Plan Trust Profit Sharing Plan v. Investor Assocs., Inc., 82 F. Supp. 2d 365, 371 n.11 (D.N.J. 2000).  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the

during the underpayment period (May 2009) was $274,000.  As such, the proper calculation for pre-default prejudgment interest should be: ($186,243 x .02)+($274,000 x .02)= **$9,204.86.**
    Plaintiff's suggestion that he is entitled to two percent (2%) of the principal balance at the time of default for all of the eight months prior to default is incorrect, as he already received that full 2% interest payment during all pre-default periods except for March 2009 and May 2009.  Awarding Plaintiff 2% interest for the other pre-default periods would be illogical, as he already received the 2% in those other months, and would run counter to the purpose of awarding prejudgment interest, which is to compensate for money which was due but not received. Plaintiff also asks for $10,000 in attorney's fees, as per the Agreement.  This amount is not in dispute.
    Adding the above values together, the total judgment should be: $277,480 + $177,587.20 + $9,204.86 + $10,000 = **$474,272.06.**

2.  See Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 835 (1990) (holding that post-judgment interest under 28 U.S.C. § 1961 is to be calculated from the date of the entry of judgment and not the date of a jury verdict); Eaves v. County of Cape May, 239 F.3d 527, 536 (3d Cir. 2001) (ruling that post-judgment interest under 28 U.S.C. § 1961 should be calculated from the date that the court fixes the value of the award, and not the date at which the court first determined that the plaintiff was entitled to a monetary award).

calendar week preceding the date of the judgment." 28 U.S.C. §
1961(a). The Federal Reserve website indicates that this figure,
for the week ending January 20, 2012, was .11 percent (.11%).
(See Board of Governors of the Federal Reserve System, Selected
Interest Rates (Weekly) - H.15,
http://www.federalreserve.gov/releases/h15/current (January 24,
2012)). Post-judgment interest is "computed daily to the date of
payment" and "shall be compounded annually." 28 U.S.C. §
1961(b).

Accordingly,

IT IS on this __25th__ day of ____January____, 2012, hereby

**ORDERED** that Plaintiff shall be **AWARDED** a default judgment
in the amount of $474,272.06 against Defendants; and it is
further

**ORDERED** that, along with filing on the electronic docket, a
copy of this Order shall be sent to Defendants' addresses, as
listed by the Motion for Default Judgment [Doc. No. 33], by
first-class standard mail.


                                    /s/ Noel L. Hillman
At Camden, New Jersey               HON. NOEL L. HILLMAN, U.S.D.J.

6